IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| American Medical Association,<br>Access Independent Health Services, Inc.,<br>d/b/a Red River Women's Clinic,<br>Kathryn L. Eggleston, M.D.,<br><br>      Plaintiffs,<br><br>vs.<br><br>Wayne Stenehjem,<br>Birch Burdick,<br><br>      Defendants,<br><br>and<br><br>Dakota Hope Clinic,<br>Women's Pregnancy Center,<br>National Institute of Family and Life<br>Advocates,<br>North Dakota Physicians for Truth and<br>Accuracy for Informed Consent,<br>David Billings, M.D.,<br>Eric Pearson, M.D.,<br>Heartbeat International, Inc.,<br><br>      Defendants-Intervenors. | **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 1:19-cv-125 |

Before the Court is an appeal of United States Magistrate Judge Clare Hochhalter's June 11, 2020, order by Dakota Hope Clinic; Women's Pregnancy Center; National Institute of Family and Life Advocates; North Dakota Physicians for Truth and Accuracy for Informed Consent; David Billings, M.D.; and Eric Pearson, M.D. (collectively, "Pregnancy Help Centers" or "PHC Intervenors"), filed on June 25, 2020. See Doc. No. 189. The Plaintiffs filed a response in opposition to the appeal on July 2, 2020. See Doc. No. 190. The PHC Intervenors filed a reply brief on July 9, 2020. See Doc. No. 194. For the reasons set for below, the PHC Intervenors' appeal is

denied.

## I.     BACKGROUND

On June 25, 2019, the American Medical Association ("AMA"), Access Independent Health Services, Inc., d/b/a Red River Women's Clinic, and Kathryn L. Eggleston, M.D. filed a complaint against North Dakota Attorney General Wayne Stenehjem and Cass County State's Attorney Birch Burdick, in their official capacities, challenging the constitutionality of House Bill No. 1336 and N.D. Cent. Code § 14-02.1-02(11)(a)(2). See Doc. No. 1. On November 26, 2019, the Court granted PHC Intervenors' motion to intervene as defendants, allowing them to defend N.D. Cent. Code § 14-02.1-02(11)(a)(2), which requires the physician performing an abortion (or the referring physician or physician's agent) to tell the woman receiving an abortion that "[t]he abortion will terminate the life of a whole, separate, unique, living human being."

Currently, the parties are in discovery. The PHC Intervenors served nine requests for the production of documents and a number of interrogatories on the AMA. The PHC Intervenors' document request number 4 requested the AMA to produce:

> All documents and other materials that reflect the list of all names of all North Dakota licensed physicians who were the members of the AMA in the year 2019, and all documents and other materials that reflect the list of all names of all North Dakota licensed physicians who are members of the AMA in the year 2020.

See Doc. No. 189-2, p. 8. The AMA objected to the request, claiming it was vague and ambiguous, overly broad, irrelevant to the claims or defenses asserted by the parties, not proportional to the needs of the case, and protected from disclosure by the First Amendment. Id. Interrogatory number two provided: "State the names and employment addresses of each and every physician licensed to

2

practice medicine in the State of North Dakota who are current members of the American Medical Association on the date the complaint in this case was filed." See Doc. No. 189-5, p. 2. The AMA objected to the interrogatory, claiming: it was irrelevant and overly broad; "would cause annoyance, harassment, embarrassment, or oppression"; "the prejudice caused by identifying such persons would outweigh any probative value of the documents sought and is not proportional to the needs of the case; and the information sought is protected from disclosure by the First Amendment. Id. The AMA also provided, "Subject to the above Objections, the AMA responds as follows: Dr. Kathryn Eggleston, Red River Women's Clinic, 512 1st Avenue N, Fargo, ND, 58102." Id. at 3. Interrogatories numbered three through twelve expanded on any individual listed in interrogatory number two.

On June 10, 2020, United States Magistrate Judge Clare Hochhalter held a conference with the parties concerning the parties' discovery dispute. On June 11, 2020, Judge Hochhalter issued the following order:

> As stated at the conference, the Court finds that Intervenors' document requests and interrogatories seeking the names of North Dakota licensed physicians who were members of the AMA in 2019 and 2020 is not relevant to the defense; not relevant and not proportional to the needs of the case; and, that the burden of producing such information outweighs the likely benefit. See Fed. R. Civ. P. 26(b)(1). See also Fed. R. Civ. P. 16(c)(2)(F),(P). The Court **ORDERS** that these document requests and interrogatories be stricken.

See Doc. No. 173.[1]  The PHC Intervenors now appeal Judge Hochhalter's June 11, 2020, order.

---

[1] Judge Hochhalter's June 11, 2020, order also vacated his June 10, 2020, order (Doc. No. 171) because it erroneously referenced the PHC Intervenors' May 28, 2020, motion for discovery (Doc. No. 146).

3

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(a) and District of North Dakota Local Rule 72.1(D), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); D.N.D. Civ. L. R. 72.1(D)(2). A magistrate judge's decision in a discovery dispute is entitled to substantial deference, and will not be disturbed unless the "clearly erroneous" or "contrary to law" standards are met. See Fed. R. Civ. P. 72(a); see also Jones v. City of Elkhart, Ind., 737 F.3d 1107, 1115 (7th Cir. 2013). A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Dixon v. Crete Med. Clinic, P.C., 498 F.3d 837, 847 (8th Cir. 2007) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The burden of showing a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

## III. LEGAL DISCUSSION

The PHC Intervenors contend that Judge Hochhalter's June 11, 2020, order is clearly erroneous and contrary to law. Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

4

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Judge Hochhalter found that the PHC Intervenors' document requests and interrogatories seeking the names of North Dakota licensed physicians who were members of the AMA in 2019 and 2020 was not relevant to the defense; not relevant and not proportional to the needs of the case; and that the burden of producing such information outweighed the likely benefit.

The PHC Intervenors argue that the document requests and interrogatories are relevant because "(1) the Defendants are entitled to know precisely whose constitutional rights are alleged to be violated; (2) the AMA's standing is a third-party standing dependant upon it identifying whose rights are being violated, who is not already in the case and able to litigate their own rights; and (3) it relates to the AMA's credibility in light of its attempt to bolster the claims of Plaintiffs in part on the basis of AMA's perceived credibility because they claim it represents all of the medical community, when, in fact, it does not." See Doc. No. 189, p. 5. The Court disagrees.

As the Plaintiffs point out, the PHC Intervenors' relevancy argument fails for at least the following reasons. First, the PHC Intervenors are seeking to compel the production of a list of all AMA members licensed in North Dakota in 2019 and 2020, not just a list of those "whose constitutional rights are alleged to be violated." The challenged law, N.D. Cent. Code § 14-02.1-02(11)(a)(2), is specific to abortion. Presumably, the AMA's members include many physicians who do not provide abortion services. The list of all AMA members licensed in North Dakota is not relevant to the question of which physicians' rights are violated by Section 14-02.1-02(11)(a)(2). Second, it appears to be undisputed that Red River Women's Clinic and Dr. Kathryn Eggleston have standing. Thus, it is irrelevant whether the AMA also has standing. See

Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (stating "'where one plaintiff establishes standing to sue, the standing of other plaintiffs is immaterial' to jurisdiction."). Third, the AMA acknowledges that some AMA members disagree with the AMA's position on this law. Thus, the AMA's membership list is not relevant to any claim or defense.

The PHC Intervenors also challenge Judge Hochhalter's findings that disclosure of the AMA's membership list is not proportional to the needs of the case and that the burdens of disclosure would outweigh its benefits, arguing the AMA "has easy access to all of the information requested." See Doc. No. 189, p. 13. The Plaintiffs acknowledge that production of the information would not be mechanically difficult. Instead, the Plaintiffs contend "the PHC Intervenors have no legitimate use for the information to advance their litigation strategy but would probably use the information to harass the AMA's North Dakota members and to attempt to embarrass the AMA. It is that burden that outweighs any benefit of disclosure (which is none)." See Doc. No. 190, p. 9. The Court agrees with the Plaintiffs that the information gained by a membership list would, at a minimum, increase the likelihood that individual members are contacted or subpoenaed, thus burdening the AMA's members.

## IV. CONCLUSION

The Court has carefully reviewed Judge Hochhalter's order, the appeal and briefs, the applicable law, and the entire record. The Court finds that Judge Hochhalter's order is neither clearly erroneous nor contrary to law. Accordingly, the June 11, 2020, order is affirmed. The PHC Intervenors' appeal (Doc. No. 189) is **DENIED**, and their motion for hearing (Doc. No. 191) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020.

>  /s/  Daniel L. Hovland
>  Daniel L. Hovland, District Judge
>  United States District Court