# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| American Medical Association, ) | |
| Access Independent Health Services, Inc., ) | |
| d/b/a Red River Women's Clinic, ) | |
| Kathryn L. Eggleston, M.D., ) | |
| ) | |
| Plaintiffs, ) | **PROTECTIVE ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Wayne Stenehjem, ) | |
| Birch Burdick, ) | |
| ) | |
| Defendants, ) | Case No. 1:19-cv-125 |
| ) | |
| and ) | |
| ) | |
| Dakota Hope Clinic, ) | |
| Women's Pregnancy Center, ) | |
| National Institute of Family and Life ) | |
| Advocates, ) | |
| North Dakota Physicians for Truth and ) | |
| Accuracy for Informed Consent, ) | |
| David Billings, M.D., ) | |
| Eric Pearson, M.D., ) | |
| Heartbeat International, Inc., ) | |
| ) | |
| Defendants-Intervenors. ) | |

It is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 26 and this Court's inherent authority, that:

1. This Protective Order governs the use and handling of all documents, testimony, interrogatory responses, responses to requests for admission, depositions and deposition exhibits, electronically stored information, correspondence, and other information, including all copies, excerpts and summaries thereof produced or supplied by Plaintiffs, Defendants, Intervenors

(collectively, "parties"), or other individuals or entities, including non-parties, to the above-captioned action.

2. "Confidential Information," means any information a party believes in good faith warrants protection, which may include, but shall not be limited to:

    a. Information regarding the parties to this action, as well as their physicians, staff, patients, and clients, and other non-parties as applicable, such as:

        i. Personnel information regarding persons affiliated with parties or non-parties that could jeopardize such persons' safety or privacy, including the identities of persons associated with the parties who have not already been made public in this action;

        ii. Information regarding the parties' patients or clients, including, as applicable, personal identifying information, financial information, medical information, and demographic information;

    b. Proprietary information, commercial information, or sensitive business documents or information, including policies, procedures, and handbooks regarding the parties' and non-parties' operation;

    c. Information that constitutes confidential information under applicable laws or regulations including U.S. and state privacy, data protection, or secrecy laws;

    d. Other documents or information that the parties jointly agree to designate as confidential.

3. Confidential Information that has been marked or designated by a party in accordance with this Protective Order may only be used by the other parties and their attorneys

for purposes of this litigation and no other purposes, and shall be treated by the parties as confidential and subject to the Protective Order until the court rules otherwise. This Protective Order shall not, however, be construed to prevent a party or its respective counsel from possessing, or making use of outside this action, information that:

    a. was lawfully in its possession prior to receipt or disclosure from the other party;

    b. is in the public domain; or

    c. that has been lawfully obtained from a third party having the right to disclose such information.

4. In addition to designating materials as Confidential, a party may require redactions to materials that could compromise the safety, security, or privacy of patients, clients, or staff employed by or associated with the parties, whether the materials are the party's own materials or materials produced by another party or non-party for use in this Action. To the extent any documents containing parties' patient or client information are produced in this Action, such documents will be protected to the full extent of all applicable state and federal laws, including the Health Insurance Portability and Accountability Act ("HIPAA"), and personal identifying patient information may be redacted prior to production.

5. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of documents and information designated "Confidential" based on the definition provided in paragraph 2 above.

6. Documents and information received in this action and designated Confidential pursuant to this Protective Order shall not be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part except to the following persons:

      a.     the named parties to this Action;

      b.     attorneys who have entered an appearance on behalf of a party to this Action and employees of their law firms of record who are necessary to assist in the preparation and trial of this Action;

      c.     this Court or any other Court exercising jurisdiction with respect to the Action, and any Court personnel;

      d.     experts and consultants retained for purposes of the litigation;

      e.     any reporter, stenographer, or videographer assigned to a deposition or hearing at which Confidential documents or information is used; and

      f.     any person expressly agreed to, in writing, by the parties.

Each person to whom disclosure is made pursuant to ¶ 6(d), (e), and (f) shall be given a copy of this Protective Order and shall sign an "Agreement to Be Bound By the Protective Order," the form of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order.

      7.     Filings with the Court including Confidential Information shall be done in accordance with District of North Dakota's "Guide to Filing Sealed Documents and Motions" by filing a Motion for Leave to File Under Seal with any exhibits containing Confidential Information attached as "Proposed Sealed Documents." If the motion is requesting to seal only portions of the document or motion, counsel should include as an attachment an unredacted copy of the document with the proposed redactions highlighted or otherwise identified in a manner that enables the Court to easily review the proposed redactions.

      8.     Specific documents and information produced by any party or non-party during the course of this litigation in response to any subpoena or discovery request may be designated

as Confidential pursuant to this Protective Order by marking the document "Confidential" (without obscuring or defacing the document).

9. In the case of interrogatory responses or responses to requests for admission, designation of Confidential Information shall be made by including the legend "Confidential" next to the responses.

10. In the case of depositions and the information contained in depositions (including exhibits), counsel shall designate the portions of the transcript (including exhibits) that contain Confidential Information by making a statement to such effect on the record at any time in the course of the deposition, or by written designation—within fourteen (14) days of receipt of the official deposition transcript or a copy thereof—listing the specific lines and pages of the transcript that should be treated as Confidential. The entire deposition transcript (including exhibits) shall be treated as Confidential under this Protective Order until the expiration of the above-referenced 14-day period for designation, except that the deponent may review the transcript of his or her own deposition during this 14-day period. If a deposition transcript contains confidential information, the front of the original deposition transcript and each copy of the transcript shall be marked "Confidential." If all or part of a deposition recorded by videographic means is designated as Confidential, the recording storage medium and its container shall be so labeled.

11. Parties may assign pseudonyms to individuals whose identities are protected as "Confidential," in anticipation of upcoming depositions, hearings, or other such proceedings. Any pseudonym authorized by this Protective Order shall be used consistently by that individual in connection with all testimony they may provide, either by deposition or during court proceedings.

12. The recipient of any Confidential documents or information that is provided under this Protective Order shall maintain such documents or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such documents or information.

13. If, at any time, any documents or information designated Confidential is in the possession, custody or control of any person, other than the person who originally produced such documents or information, and that person receives a subpoena or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, the party or person to whom the subpoena or request is directed shall give prompt notice to the designating party. The designating or producing party shall then have ten (10) days to object to the production of such documents or information.

14. In the event additional parties are joined or permitted to intervene in this Action, they shall be bound by the terms of this Protective Order.

15. Should a party object that disclosure of Confidential Information in a hearing or trial is necessary, such party shall provide reasonable advance notice of such objection to the designating or producing party. Counsel for the parties shall make a good faith effort to resolve any disputes about the designation or treatment of any document or information. In the absence of a resolution, the objecting party may seek relief from the Court within a reasonable amount of time. Any documents or other information that has been designated Confidential shall be treated as such until the Court rules.

16. A party designating information as "Confidential" shall designate only that information which the party reasonably believes in good faith contains such information. The designation of information as being Confidential is not prima facie evidence that the information

is in fact Confidential and the designating party bears the burden of proving that the information warrants the designation.

A party shall not be obligated to challenge the propriety of a designation as Confidential at the time made, and a failure to do so shall not preclude a later challenge thereto. In the event that any party to this lawsuit disagrees at any stage of these proceedings with the designation by the designating party of any information as Confidential, the parties shall first try to resolve the dispute in good faith on an informal basis, such as production of redacted copies.

If the parties are unable to resolve the dispute, the party challenging the designation may seek appropriate relief from the judge, and it shall be the burden of the designating party to establish that the documents or information at issue are properly designated as Confidential within the meaning of this Protective Order and that this designation shall continue to apply to the documents or testimony.

Any bad faith marking or designation may subject the party and/or counsel to sanctions under Fed. R. Civ. P. 37(a)(4) & (b)(2), which may include, as appropriate, a denial of all claims of confidentiality with respect to the documents, testimony, or other information produced or generated in this litigation. Likewise, frivolous challenges to designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to similar sanctions.

17. Nothing contained in this Protective Order shall affect the right, if any, of any party, non-party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at a deposition.

18. Nothing contained in this Protective Order shall preclude the right of any party or

non-party to seek additional protective relief from the Court with respect to any document or information sought in the course of discovery.

19. A party that inadvertently fails to designate documents or information as Confidential pursuant to this Protective Order at the time of its production shall be entitled to correct its designation. The inadvertent failure to designate such material as Confidential shall not be deemed a waiver of the right to so designate such material. The designation correction and notice thereof shall be made in writing within a reasonable time after discovery of the inadvertent mis-designation, accompanied by substitute copies of each item of material, appropriately designated. Those individuals who received the material prior to notice of mis-designation shall abide by the provisions of this Protective Order with respect to the use and disclosure of any documents or information contained in the mis-designated material.

20. In the event of an inadvertent disclosure of another party's designated Confidential document or information, the party making or aware of the inadvertent disclosure shall, upon learning of the disclosure: (a) immediately notify the person(s) to whom the disclosure was made that it contains Confidential documents or information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the document or information and to prevent further dissemination of it; and (c) immediately notify the designating or producing party of the identity of the person(s) to whom disclosure was made, the circumstances surrounding the disclosure, and the steps taken to avoid any use or further dissemination of the information.

21. This Protective Order shall remain in force and effect until modified, superseded, or terminated by written consent of the parties or by further Order of the Court. Neither the

termination of this Action by final adjudication (including all appeals) or otherwise, nor the termination of employment of any person who had access to any Confidential Information, shall relieve such person of his or her obligations hereunder.

22. Within sixty (60) days after receiving notice of the entry of a final non-appealable order, judgment or settlement with respect to all claims in this Action, all parties and non-parties having Confidential documents or information shall, absent a court order or written agreement to the contrary, (a) return such documents, information and all copies thereof to counsel for the designating or producing party or (b) destroy such information and materials, in which case the party destroying the information shall attest in writing to counsel for the designating or producing party that all Confidential documents or information in their possession, as well as the documents or information provided to others in accordance with the Protective Order, have been destroyed.

Notwithstanding this provision, the attorney of record is entitled to retain an archival copy of the following even if it contains Confidential Information: pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product. Any such archival copies that contains Confidential Information remain subject to this Protective Order.

23. The court retains jurisdiction over the subject matter of this Protective Order, the parties to this action and its attorneys, and any persons and entities provided with Confidential Information pursuant to this Protective Order, even after the entry of judgment in this action, to hear relevant motions, resolve disputes, and impose sanctions for noncompliance.

**IT IS SO ORDERED.**

Dated this 29th day of September, 2020.

>  */s/  Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge