IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN MEDICAL ASSOCIATION, on behalf of itself and its members, ACCESS INDEPENDENT HEALTH SERVICES, INC., d/b/a RED RIVER WOMEN'S CLINIC, on behalf of itself, its physicians, and its staff, and KATHRYN L. EGGLESTON, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> WAYNE STENEHJEM, in his official capacity as Attorney General for the State of North Dakota, and BIRCH BURDICK, in his official capacity as State Attorney for Cass County, as well as their employees, agents, and successors, <br><br> Defendants, <br><br> and, <br><br> DAKOTA HOPE CLINIC, a corporation organized under the laws of North Dakota, on behalf of itself, its medical director, and its staff, DAVID BILLINGS, M.D., WOMEN'S PREGNANCY CENTER, INC., on behalf of itself, its medical director, and its staff, ERIC PEARSON, M.D., NORTH DAKOTA PHYSICIANS FOR TRUTH AND ACCURACY FOR INFORMED CONSENT, a group of 113 physicians licensed to practice medicine in North Dakota, on behalf of the group and on behalf of each of themselves, and NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES, <br><br> Intervenors. | Case No. 1:19-CV-00125 <br><br> **MOTION BY INTERVENORS, DAKOTA HOPE CLINIC, DAVID BILLINGS, M.D., WOMEN'S PREGNANCY CENTER, INC., ERIC PEARSON, M.D., NORTH DAKOTA PHYSICIANS FOR TRUTH AND ACCURACY FOR INFORMED CONSENT, AND NATIONAL INSTITUTE OF FAMILY AND LIFE ADVOCATES ("PHC INTERVENORS"), FOR A PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY RELATING TO THE HUMAN BEING DISCLOSURE REQUIREMENT (NDCC 14-02.1-03(1), 14-02.1-02(11)(a)(2), and 14-02.1-02(9)) PENDING FINAL RESOLUTION OF PHC INTERVENORS' MOTION FOR JUDGMENT ON THE PLEADINGS FILED CONTEMPORANEOUSLY HEREWITH, AND FOR EXPEDITED DISPOSITION OF BOTH MOTIONS** |

## PHC INTERVENORS' MOTION FOR A PROTECTIVE ORDER

Intervenors, Dakota Hope Clinic, David Billings, M.D., Women's Pregnancy Center, Inc., Eric Pearson, M.D., North Dakota Physicians for Truth and Accuracy for Informed Consent, and National Institute of Family and Life Advocates (hereafter, "Pregnancy Help Center Intervenors" or "PHC Intervenors") hereby move for a protective order, pursuant to Fed. R. Civ. P. 26(c)(1), to temporarily stay discovery relating to the Human Being Disclosure requirement (NDCC 14-02.1-03(1), 14-02.1-02(11)(a)(2), and 14-02.1-02(9)), pending final resolution of the PHC Intervenors' Motion for Judgment on the Pleadings which is being filed contemporaneously herewith, and for expedited resolution of both the Motion on the Pleadings and this Motion.

Plaintiffs claim that two North Dakota disclosure requirements violate their abortion doctors' free speech rights: the Human Being Disclosure (NDCC 14-02.1-03(1), 14-02.1-02(11)(a)(2), and 14-02.1-02(9)) and the Abortion-Inducing Drug Reversal Disclosure (N.D. HB 1336 of 2019).

In 2019, North Dakota House Bill 1336 required abortion doctors to disclose to their patients that it may be possible to reverse the effects of an abortion-inducing drug ("Abortion Inducing Drug Reversal Disclosure"). That Bill was scheduled to take effect on August 1, 2019.

Ten years earlier, in 2009, North Dakota passed HB 1445 which required a physician, before taking a consent for an abortion, to disclose to the pregnant mother that the "abortion will terminate the life of a whole, separate, unique, living human being" (i.e., the "Human Being Disclosure"). NDCC 14-02.1-02(11)(a)(2). The informed consent statute defines "human being" in the biological sense as "…an individual living member of the species of homo sapiens, including the unborn human being during the entire embryonic and fetal ages from fertilization to full gestation." NDCC 14-02.1-02(9). The language of the Human Being Disclosure and the definition

of "human being" were taken word-for-word from an identical statutory provision in South Dakota which had recently been upheld as constitutional by an *en banc* court of the 8th Circuit. *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 735-36 (8th Cir. 2008) (*en banc*) (holding South Dakota's "Human Being Disclosure" [SDCL §34-23A-10.1(1)(b); SDCL 34-23A-1(4)] to be a statement of fact – not a statement of ideology as the Plaintiffs had contended – which was truthful, non-misleading, and relevant to the pregnant mother's decision about whether or not to submit to an abortion).

The plaintiffs in the *Rounds* case advanced the exact same discredited legal contentions advanced in this case, claiming that it was a violation of the physician's right to free speech to be compelled to make the Human Being Disclosure. That claim was based upon the assertion – the same one Plaintiffs make in this case – that the Human Being Disclosure is merely a statement of ideology and is not relevant to the decision of the pregnant mother. Those contentions were rejected by the *en banc* Court, as noted. *Rounds*, 530 F.3d 724, 735-738 (8th Cir. 2008) (*en banc*). Following the rejection of those legal contentions, the District Court entered Summary Judgment, ordering the Plaintiffs to use the exact language of the statute. *Rounds*, 650 F.Supp.2d 972, 976-977 (S.D. 2009). The *Rounds* plaintiffs' appeals seeking relief from that order resulted in an affirmance. *Rounds*, 653 F.3d 662 (8th Cir. 2011).

The sponsors of the North Dakota Human Being Disclosure requirement (NDCC 14-02.1-03(1), 14-02.1-02(11)(a)(2), and 14-02.1-02(9)) relied upon the *Rounds* 8th Circuit *en banc* decision when they decided to introduce the bill, concluding that there could be no "credible constitutional attack on the statute." Decl. of State Representative Lisa Meier in support of the PHC Intervenors' Motion to Intervene, dated September 20, 2019, ECF 110 ¶6; *see also*, *Id*. ¶¶4-6; Decl. of Christopher T. Dodson in support of the PHC Intervenors' Motion to Intervene, dated

September 20, 2019, ECF 111 ¶¶5-9.

The Human Being Disclosure requirement was not challenged in North Dakota for ten years, until this lawsuit.

Because the constitutionality of the Human Being Disclosure has been resolved by an *en banc* court of the 8th Circuit, and subsequent decisions in the *Rounds* case, PHC Intervenors are filing a Motion for Judgment on the Pleadings. Accordingly, PHC Intervenors respectfully request that the Court: (1) grant PHC Intervenors' Motion for a Protective Order to temporarily stay discovery relating to the Human Being Disclosure (NDCC 14-02.1-02(11)(a)(2) and -02(9)), pending final resolution of the PHC Intervenors' Motion for Judgment on the Pleadings which is being filed contemporaneously herewith; and (2) resolve both the Motion on the Pleadings and this Motion for a Temporary Stay on an expedited basis.

In support of this Motion, PHC Intervenors rely upon their Memorandum of Law which is being filed contemporaneously herewith.

PHC Intervenors hereby request oral argument on this Motion.

Dated:  June 1, 2021

| By: | */s/ Don R. Grande*<br>DON R. GRANDE, PC<br>820 34th Avenue E, Suite 200<br>West Fargo, North Dakota 58078<br>Tel.  701-365-8088<br>Fax.  877-678-5051<br>Email:  don@dongrandelaw.com | By: | */s/ Harold J. Cassidy*<br>Admitted *Pro Hac Vice*<br>THE CASSIDY LAW FIRM, LLC<br>750 Broad Street, Suite 3<br>Shrewsbury, NJ 07702<br>Tel.  732-747-3999<br>Fax.  732-747-3944<br>Email:  hjc@haroldcassidy.com<br>Attorneys for PHC Intervenors |
|---|---|---|---|

3