IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| American Medical Association, Access Independent Health Services, Inc., d/b/a Red River Women's Clinic, and Kathryn L. Eggleston, M.D., | ) ) ) ) ) | |
| Plaintiffs, vs. | ) ) ) | **ORDER** |
| Wayne Stenehjem, Birch Burdick, | ) ) ) ) | |
| Defendants, | ) ) | Case No. 1:19-cv-125 |
| and | ) ) | |
| Dakota Hope Clinic, Women's Pregnancy Center, National Institute of Family and Life Advocates, North Dakota Physicians for Truth and Accuracy for Informed Consent, David Billings, M.D., Eric Pearson, M.D., Heartbeat International, Inc., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Intervenors. | ) | |

Before the Court is a Motion for a Protective Order to Temporarily Stay Discovery filed by Intervenors Dakota Hope Clinic, David Billings, M.D., Women's Pregnancy Center, Inc., Eric Pearson, M.D., North Dakota Physicians for Truth and Accuracy for Informed Consent, and National Institute of Family and Life Advocates ("PHC Intervenors"). See Doc. No. 254. Also pending are a related Motion to Expedite and Motion for Hearing. See Doc. No. 258. For the reasons stated below, these motions are denied.

**I.    BACKGROUND**

On June 1, 2021, PHC Intervenors filed a Motion for Judgment on the Pleadings asserting that the 2008 Eighth Circuit case of Planned Parenthood v. Rounds, together with related cases, mandates the rejection of Plaintiffs' constitutional challenge to N.D. Cent. Code § 14-02.1-02(11)(a)(2) and related subchapters. See generally Doc. No. 252, 257. Relevant to the Motion to Stay, PHC Intervenors' involvement in this litigation is limited to Plaintiffs' claims regarding § 14-02.1-02(11)(a)(2), one of the two contested provisions in the underlying suit. See generally Doc. No. 114. Therefore, as PHC Intervenors point out, a decision in their favor on the Motion for Judgment on the Pleadings would end their participation in the case.

The same day that they filed their Motion for Judgment on the Pleadings, PHC Intervenors filed their Motion for a Protective Order to Temporarily Stay Discovery (hereafter, "Motion to Stay"), together with an Affidavit, a Memorandum of Law, a Motion to Expedite, and a Motion for Hearing. See Doc. Nos. 256, 258, 260. The Motion to Stay requests a stay of all discovery relating to the constitutionality of N.D. Cent. Code § 14-02.1-02(11)(a)(2) pending resolution of the Motion for Judgment on the Pleadings.

On June 10, 2021, Defendant Wayne Stenehjem filed a response indicating his support of, and joinder in, the Motion to Stay. See Doc. No. 266. Defendant Birch Burdick filed a substantially similar response. See Doc. No. 267.

On June 15, 2021, Plaintiffs American Medical Association, Access Independent Health Services, Inc., d/b/a/ Red River Women's Clinic, and Dr. Kathryn Eggleston ("Plaintiffs") filed a response in opposition to PHC Intervenors' Motion to Stay. See Doc. No. 268.

On June 24, 2021, Intervenor Heartbeat International filed a response indicating its support of, and joinder in, PHC Intervenors' Motion to Stay. See Doc. No. 269. This response

2

was technically untimely filed.[1] On June 29, 2021, PHC Intervenors filed a Reply. While perhaps untimely filed in that it was filed more than seven days after all timely responses, the Court will consider this reply for purposes of its analysis. As such, the motion is ripe for the Court's review. Only Plaintiffs oppose the relief requested by PHC Intervenors.

## II.  GOVERNING LAW

Federal Rule of Civil Procedure 26(c) governs issuance of protective orders. It dictates that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Under this Rule, a party may move for a protective order staying discovery. TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc., No. CIV. 13-1356 ADM/FLN, 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013). A court may only issue such an order upon the moving party's showing of good cause. TE Connectivity Networks, Inc., 2013 WL 4487505, at *1.

District courts in the Eighth Circuit have set forth a number of factors when determining whether a stay of discovery is appropriate. According to one court, these include:

> (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party; and (4) the conservation of judicial resources.

Dufrene v. ConAgra Foods, Inc., No. 15-CV-3796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016).

Ultimately, the decision whether to stay discovery is a practical one, and "largely left to the district court's discretion." TE Connectivity Networks, Inc., 2013 WL 4487505, at *1.

---

[1] The response was filed 23 days after the initial motion, outside the 14-day deadline for responding to non-dispositive motions set forth in D.N.D. Civ. L.R. 7.1(B). As such, it was technically untimely filed insofar as it responded to the Motion to Stay.

Lastly, as with all the Federal Rules of Civil Procedure, the rules governing discovery "should be construed. . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III.  ANALYSIS

In determining whether PHC Intervenors have shown good cause for entry of a protective order staying discovery relevant to N.D. Cent. Code § 14-02.1-02(11)(a)(2) and related provisions, the Court will proceed sequentially through the factors cited above.

### A.  Likelihood of Success on the Merits

The disposition of the underlying Motion for Judgment on the Pleadings is not before the undersigned. However, some observations are possible from the limited view by the parties' filings. To broadly summarize, PHC Intervenors assert that the statutory language at issue here is identical, "word-for-word," to the statutory language upheld in a series of South Dakota district court and Eighth Circuit cases including <u>Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds,</u> 530 F.3d 724 (8th Cir. 2008) and <u>Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds,</u> 686 F.3d 889, 892 (8th Cir. 2012). <u>See</u> <u>generally</u> Doc. No. 257. PHC Intervenors claim that Plaintiffs' objections here are identical to the objections rejected in those cases. <u>See</u> <u>id.</u>

If these claims are true, PHC Intervenors have made at least some argument for success on the merits. Yet as their insistence on victory increases – asserting, as they do, that "there is no question that the PHC Intervenors will succeed on the merits" – so too does the force of the obvious question: if this matter is controlled by a 13-year-old case, why did PHC Intervenors wait two years to say so?

The undersigned finds persuasive Plaintiffs' arguments on this matter, i.e., "if the PHC Intervenors believed that they had a bona fide basis for relief, they should have moved for relief

4

at the outset, and certainly before engaging in many months of affirmative discovery from Plaintiffs and wasting judicial resources in adjudication of their discovery disputes." See Doc. No. 268, p. 8. Even setting aside the merits, it is at least *possible* that the presiding judge in this matter will find judgment on the pleadings inappropriate based on the unusual timing of the motion. As Plaintiffs point out, some courts have based concerns about the suitability of 12(c) motions on considerations of discovery progress: as stated by the First Circuit in Grajales v. Puerto Rico Ports Auth., "[W]e think that, once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement." Grajales, 682 F.3d 40, 46 (1st Cir. 2012). Timeliness issues could also exist due to the possibility that a discovery stay would delay trial, a circumstance specifically precluded by Rule 12(c) itself: "After the pleadings are closed-- but early enough *not* to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added).

Nothing in PHC Intervenors' Reply alleviates the undersigned's concerns regarding the timing of the underlying motion. PHC Intervenors attempt to distinguish Grajales on the grounds that the claims at issue in that case were more fact-intensive than those present here. They point out that the Grajales court found a 12(c) motion inappropriate where the requisite analysis required the Court to look to the pleadings alone, disregarding the discovery that had already taken place. Here, Intervenors claim, the matter is properly decided solely on the pleadings alone no matter the standard. But even setting aside the fact that, as discussed below, PHC Intervenors are only now suggesting that fact discovery is unnecessary, the undersigned finds that the Grajales court's concerns for "avoidance of unnecessary discovery" are broadly applicable to the instant case. See id. at 46. And even though, as PHC Intervenors argue, trial has already been

delayed and is not immediately imminent, the Court is not persuaded that a stay would not cause substantial further delays.

As such, while reluctant to offer any firm opinions as to the likelihood of success on the merits, the Court finds that the timing of the Motion for Judgment on the Pleadings is sufficiently unusual to call into doubt its favorable disposition. This factor at least slightly favors Plaintiffs.

### B. Hardship to the Moving Party if the Matter is Not Stayed

The hardship alleged by PHC Intervenors if discovery is not stayed appears to be primarily financial; they cite the expense of depositions, fees for expert witnesses, and the general costs of legal services. Yet while sympathetic to these financial burdens, the Court is not persuaded that they are anything more than the usual cost of litigation. See Wild v. Rockwell Labs, Ltd., 2020 WL 1892307, at *2 (W.D. Mo. Apr. 16, 2020) ("Although Defendants argue that engaging in discovery 'would be a waste of time and money,' such potential harms are inherent in litigation.") And as Plaintiffs point out, PHC Intervenors could have avoided these costs if they filed their Motion for Judgment on the Pleadings before engaging in discovery. The Court finds that this factor favors denial of the Motion to Stay.

### C. Prejudice to the Non-Moving Party if the Matter is Stayed

PHC Intervenors assert that there is no prejudice to Plaintiffs if discovery relating to § 14-02.1-02(11)(a)(2) is stayed because even if a stay is granted, Plaintiffs can still pursue discovery related to the other contested provision at issue, i.e., North Dakota House Bill 1336 of 2019. This argument is facially convincing. However, Plaintiffs respond that the remaining discovery cannot be efficiently bifurcated, contending that it includes deposition testimony involving both laws and overlap in expert discovery.

6

Looking at the case more broadly, the undersigned notes that discovery has proceeded painfully. In their briefing on this motion, both PHC Intervenors and Plaintiffs attempt to blame the opposing party for the resulting morass. Without comment on any ultimate blame, the Court generally agrees that discovery in this matter has been unusually acrimonious and time-consuming. For this reason alone, the Court is not inclined to call it to a halt. After the effort invested by both parties, the Court finds that the infliction of further unwanted delays on any party would be inequitable and, indeed, prejudicial.

Of course, as regards the PHC Intervenors, the delay is not unwanted. Yet the undersigned notes with surprise their sudden insistence, stated with particular vehemence in their Reply, that "fact discovery is completely irrelevant," and that "no factual allegations or factual discovery will affect the outcome of the motion and the outcome of the case." How PHC Intervenors reconcile this position with their criticism of Plaintiffs for failing to provide fact discovery – and their Motion to Compel the same – is beyond the comprehension of this Court.

Despite PHC Intervenors' newfound lack of interest in the discovery process, the Court finds that Plaintiffs would be prejudiced by a stay in this matter. This factor weighs in favor of denying the Motion to Stay.

### D.   Judicial Economy

It is true that if the Motion for Judgment on the Pleadings is granted, there would be no need for further judicial attention to the discovery disputes in this matter. Yet enough judicial attention has been expended thus far to convince the Court that the most efficient course is to keep moving forward. This factor weighs in favor of denying the motion.

## IV. CONCLUSION

For all of the above reasons, the Court in its broad discretion **DENIES** PHC Intervenors' Motion for a Protective Order to Stay Discovery (Doc. No. 254), Motion for Hearing, and Motion to Expedite (Doc. No. 258).

**IT IS SO ORDERED.**

Dated this 13th day of September, 2021.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter
> United States Magistrate Judge