IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| American Medical Association,<br>Access Independent Health Services, Inc.,<br>d/b/a Red River Women's Clinic, Kathryn L.<br>Eggleston, M.D.,<br><br>    Plaintiffs,<br><br>v.<br><br>Drew H. Wrigley,<br>Birch Burdick,<br><br>    Defendants,<br><br>  and<br><br>Dakota Hope Clinic,<br>Women's Pregnancy Center,<br>National Institute of Family and Life Advocates,<br>North Dakota Physicians for Truth and Accuracy for Informed Consent,<br>David Billings, M.D.,<br>Eric Pearson, M.D.,<br>Heartbeat International, Inc.,<br><br>    Defendant–Intervenors. | Case No. 1:19-cv-125<br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY EXPERT DISCOVERY AND MEMORANDUM IN SUPPORT** |

Defendants and Defendant–Intervenors jointly submit this unopposed motion for a stay of expert discovery pending the U.S. Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 141 S. Ct. 2619 (argued Dec. 1, 2021), which should issue no later than June 2022. If the Supreme Court decides that states may enact pre-viability abortion bans, that decision could trigger a North Dakota law prohibiting nearly all abortions, possibly rendering the laws at issue in this case irrelevant and most or all of the issues in this case moot.

Plaintiffs, Defendant Birch Burdick, and the Pregnancy Health Center Defendant-Intervenors do not oppose this motion, and agree that a short stay of expert discovery will conserve judicial and party resources. Several other federal courts have stayed proceedings pending the decision in *Dobbs*. Respectfully, the Defendants request that this Court do the same.

## RELEVANT STANDARD

This Court has broad discretion and inherent power to stay discovery, especially when an intervening ruling may "alter how the case is to further proceed, if it is to further proceed at all." *Mau v. Twin City Fire Ins. Co.*, No. 1-16-CV-325, 2017 WL 3623794, at *2 (D.N.D. Aug. 23, 2017) (citing *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding district court order granting motion to stay discovery); *Ass'n of Equip. Mfrs. v. Burgum*, No. 1:17-CV-151, 2018 WL 1773145, at *1 (D.N.D. Mar. 5, 2018) ("A district court has broad discretion to stay proceedings when appropriate to control its docket, conserve judicial resources, and ensure the matter is handled with economy of time and effort for itself, counsel, and litigants."); *Blair v. Douglas Cty.*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) ("[I]t is a settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Courts in the Eighth Circuit consider various factors when deciding whether to stay discovery: (1) potential prejudice to the non-moving party; (2) hardship or inequity to the moving party if the matter is not stayed, including the breadth of discovery and burden of responding to it; (3) the conservation of judicial resources; (4) the complexity of the action and the stage of litigation; and (5) whether the movant has shown a likelihood of success on the merits of a dispositive motion. *See Mau*, 2017 WL 3623794, at *2 (granting motion to stay discovery when a ruling on pending matters could alter resolution of the case).

## ARGUMENT

The parties recently concluded fact discovery and are soon scheduled to begin an expert discovery process that will be lengthy, costly, and complicated. The current scheduling order provides for the parties to serve four rounds of expert reports between March 28 and July 18, 2022, and to complete expert depositions by September 12, 2022. *See* Order Granting Joint Mot. to Am. Scheduling Order and Continue Trial, ECF No. 289. But during this same period, the Supreme Court will issue its decision in *Dobbs*, potentially the most important abortion case in decades.

Specifically, *Dobbs* might trigger a North Dakota law that could potentially render this action moot.

In 2007, North Dakota enacted a law, N.D. Cent. Code § 12.1-32-12, that makes it a class C felony for a person, other than the pregnant female upon whom the abortion was performed, to perform an abortion. The law provides three affirmative defenses: (1) the abortion was necessary in professional judgment and was intended to prevent the death of the pregnant female; (2) the abortion was to terminate a pregnancy resulting from certain offenses as defined in N.D. Cent. Code ch. 12.1-20; or (3) the individual was acting within the scope of that individual's regulated profession and under the direction of or at the direction of a physician.

The Supreme Court is currently considering "[w]hether all pre-viability prohibitions on elective abortion are unconstitutional" in *Dobbs*. 141 S. Ct. at 2619. The ruling in *Dobbs* thus could enable the Attorney General to certify under N.D. Cent. Code § 12.1-31-12 that a person who performs an abortion, other than the pregnant women, is subject to a class C felony, potentially rendering the informed-consent statutes for elective abortions moot and irrelevant. Proceeding with expert discovery now, given this uncertainty, could cause the parties to suffer hardship and unnecessarily expend their resources.

Plaintiffs will suffer no undue prejudice from a stay. To begin, Plaintiffs already have preliminary injunctive relief that will remain in place. Because the proposed stay is limited in scope and duration, it will not unduly delay final resolution of this case, and it may be possible to modify the expert discovery schedule without altering the current summary judgment deadline of November 7, 2022. And Defendants make this request nearly one month before the first expert report deadline, allowing Plaintiffs to avoid significant expenditure of time or resources.

Courts across the country have agreed and stayed proceedings pending the Supreme Court's decision in *Dobbs*. *See, e.g.*, *SisterSong Women of Color Reprod. Just. Collective et al. v. Kemp*, No. 20-13024, ECF No. 88 (11th Cir. Sept. 27, 2021) (staying consideration of comprehensive Georgia abortion law that included a pre-viability abortion ban but also regulated informed consent and defined unborn children as a "human being"); *Whole Woman's Health All.*

*v. Rokita*, Nos. 21-2480 & 21-2573, ECF No. 105 (7th Cir. Jan. 13, 2022) (staying consideration of Indiana abortion laws regulating informed consent, "human physical life" disclosures, and provider requirements); *Hopkins v. Jegley*, No. 21-1068, ECF No. 38 (8th Cir. May 26, 2021) (staying consideration of four Arkansas abortion laws that regulate fetal remains, abortion based on discrimination, abortion methods, and sexual assault); *Little Rock Fam. Plan. Servs. v. Jegley*, No. 21-2857, ECF No. 23 (8th Cir. Sept. 14, 2021) (staying consideration of Arkansas pre-viability abortion ban); *Memphis Ctr. for Reprod. Health v. Slatery*, 24 F.4th 1069, 1071 (6th Cir. Feb. 2, 2022) (staying application of preliminary injunction and postponing en banc review of Tennessee law prohibiting abortion based on protected characteristics of the child); *The Satanic Temple et al. v. Texas Health & Hum. Servs. Comm'n*, Order Den. Mot. to Dismiss and Staying Case, No. 4:21-cv-387, ECF No. 34 (S.D. Tex. Dec. 20, 2021) (staying consideration of case involving free speech, free exercise of religion, and due process because *Dobbs* will determine whether pertinent standards from *Roe* and *Casey* will continue).

Simply put, a stay of expert discovery will benefit the parties, will preserve party and judicial resources, and will not prejudice Plaintiffs or significantly delay resolution of this case. A stay is appropriate under these circumstances.

## **CONCLUSION**

For the reasons above, Defendants jointly request that the Court issue an order staying expert discovery pending the Supreme Court's decision in *Dobbs* and requiring the parties to jointly submit a proposed scheduling order 10 days following issuance of that decision.

Dated this 7th day of July, 2022.

<table>
<tr><td>

State of North Dakota
Drew H. Wrigley
Attorney General

By:   /s/ Matthew A. Sagsveen
     Matthew A. Sagsveen
     Solicitor General
     State Bar ID No. 05613

     Courtney R. Titus

     State Bar ID No. 08810
     Office of Attorney General
     500 North 9th Street
     Bismarck, ND 58501-4509
     Telephone (701) 328-3640
     Email  masagsve@nd.gov
             ctitus@nd.gov

Attorneys for Defendant Drew H. Wrigley, in his official capacity as Attorney General for the State of North Dakota.

</td><td>

Respectfully submitted,

/s/ Kevin H. Theriot
Denise M. Harle, GA Bar No. 176758*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE,
Suite D-1100
Lawrenceville, Georgia 30043
(770) 339-0774
dharle@ADFlegal.org

Kevin H. Theriot, AZ Bar No. 030446*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
ktheriot@ADFlegal.org

Danielle M. White, OH Bar No. 92613*
HEARTBEAT INTERNATIONAL, INC.
5000 Arlington Centre Blvd.,
Suite 2277
Columbus, Ohio 43220
(614) 885-7577
dwhite@heartbeatinternational.org

Attorneys for Defendant-Intervenor Heartbeat International, Inc.

</td></tr>
</table>